UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ERIC MISSIMER**, <br><br> Plaintiff, <br> vs. <br><br> **DARK CIRCUIT LABS, INC.**, <br><br> Defendants. | Case No.: |

## NOTICE OF AND PETITION FOR REMOVAL

**TO:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION**

Defendant Dark Circuit Labs, Inc. (hereinafter "DCL") pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the action captioned *Eric Missimer v. Dark Circuit Labs, Inc.*, Civil Case No. 2023-5543, now pending in the Circuit Court of Virgnia, Fairfax County, to the United States District Court for the Eastern District of Virginia, Alexandria Division. In support of this Notice of and Petition for Removal, DCL states:

### The Procedural Requirements for Removal Have Been Satisfied

1. On April 7, 2023, Plaintiff Eric Missimer ("Missimer") filed an action against DCL in the Circuit Court of Virginia, Fairfax County (the "State Complaint").

2. A true and correct copy of the State Complaint, dated April 7, 2023, and exhibits thereto are attached hereto and incorporated as **Exhibit 1**.

3. Neither the State Complaint nor a Summons in Missimer's state court action have been served upon DCL.

4. This Notice of Removal in being served within the time limitation of 28 U.S.C. § 1446(b)(1).

5.      Simultaneously with the filing of this Notice of and Petition for Removal, pursuant to 28 U.S.C. § 1446(d), DCL served a Notice of Removal upon Missimer's counsel and filed a copy of such Notice of Removal with the Clerk of the Circuit Court of Virginia, Fairfax County.

**Diversity Jurisdiction – 28 U.S.C. § 1332**

6.      A true and correct copy of the First Amended Verified Complaint, dated March 23, 2023, filed by DCL, as a plaintiff, against Missimer as a defendant, entitled, *Dark Circuit Labs, Inc. v. Black Sails Security, LLC, John Carpenter, Eric Missimer, Michael Frank, and Keith Haddock*, Civil Action No. 1:23-cv-00326- LMB-LRV, pending within the United States District Court for the Eastern District of Virginia, Alexandria Division, is attached hereto and incorporated as **Exhibit 2** (the "Federal Complaint").

7.      A true and correct copy of Missimer's Form W-4, executed by Missimer on November 3, 2021, providing Missimer's address as 237 West Street, Mansfield, Massachusetts 02048, is attached hereto and incorporated as **Exhibit 3**.

8.      A true and correct copy of a paystub issued to Missimer, dated December 30, 2022, utilizing the same Massachusetts address on Missmer's Form W-4, is attached hereto and incorporated as **Exhibit 4**.

9.      This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) because Missimer is a citizen of the Commonwealth of Massachusetts and DCL is incorporated under the laws of the State of Delaware and is headquartered in the Commonwealth of Virginia, (s*ee* **Exhibit 2**, ¶¶ 2-3**; Exhibits 3** and **4**), and the amount in controversy is far beyond the $75,000 threshold, not counting interest and costs of court. (*See* **Exhibit 1**, at pg. 10). Therefore, because both diversity of the parties and the damages threshold is present, this Court has diversity jurisdiction.

**Entire Controversy Doctrine and Supplemental Jurisdiction**

10. This Court also has jurisdiction over this matter pursuant to the entire controversy doctrine and principles of supplemental jurisdiction, because, among other reasons, a common nucleus of operative facts exists between the State Complaint and Federal Complaint.

11. 28 U.S.C. § 1367(a) provides that a court has supplemental jurisdiction over claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12. Claims are considered part of the same case or controversy when they "derived from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

13. "Most federal courts require only a 'loose factual connection between the claims' to satisfy the requirement that the claims arise from a common nucleus of operative fact." *Nicol v. Imagematrix, Inc.*, 767 F. Supp. 744, 748 (E.D. Va. 1991) (quoting 13B Wright & Miller, Federal Practice & Procedure, § 3567.1, at 117 (1984)).

14. Missimer's State Complaint alleges claims arising out of his shareholder and employment status with DCL involving: (1) Breach of Contract; (2) the Virgnia Wage Payment Act, Va. Code § 40.1-29 ("VWPA"); (3) the Virginia Whistleblower Protection Law, Va. Code § 40.1-27.3 ("VWPL"); and (4) Declaratory Judgment, Va. Code § 8.01-184. (*See* **Exhibit 1**).

15. Specifically, Missimer alleges in his State Complaint, *inter alia*, that DCL breached its obligations to him under a Shareholders Agreement, executed by Missimer on November 3, 2021, (*compare* **Exhibit 1 at ¶ 6, annexing Ex. A** *with* **Exhibit 2 at ¶42, annexing Ex. A**), and that Missimer was subjected to retaliatory conduct during his employment with DCL such as

reducing his salary and retaliatory termination by DCL when it terminated his employment on or about March 6, 2023. (*See* **Exhibit 1**).

16. DCL's legitimate, non-retaliatory reason for reducing his salary and Missimer's termination, which is the subject of DCL's defenses to the State Complaint, is founded directly upon DCL's allegations in the Federal Complaint that Missimer and the other Defendants, toward the end of 2022, if not sooner, misappropriated DCL's Trade Secrets, which are protected under the Defend Trade Secrets Act ("DTSA"), *see* 18 U.S.C. § 1836(c) ("The district court of the United States shall have original jurisdiction of civil actions brought under this section"), and which are products or service used in, or intended for use in, interstate or foreign commerce, in that its clients/customers and employees are located throughout the United States, its products or services are utilized throughout the United States and it obtains goods and services from vendors throughout the United States and beyond. (*See* **Exhibit 2¶¶ 1, 40, 211-224**). DCL further asserts factual allegations regarding Missimer's conduct that led to his termination in the Federal Complaint that are directly related to the claims asserted by Missimer against DCL in the State Complaint. (*See* **Exhibit 2¶¶ 89, 101, 138-140**).

17. As DCL's defenses to Missimer's claims in the State Complaint are directly dependent on DCL's allegations against Missimer in the Federal Complaint, which will require analysis of the DTSA and alleged breaches of the same Shareholder Agreement that is annexed to both the State Complaint and Federal Complaint, (*compare* **Exhibit 1 at ¶ 6, annexing Ex. A** *with* **Exhibit 2 at ¶42, annexing Ex. A**), the State Complaint and Federal Complaint arise from a common nucleus of operative facts and the State Court Complaint is therefore removable.

## Non-Waiver of Defenses

18. By removing this action from the Circuit Court of Virginia, Fairfax County, DCL does not admit any of the allegations in Missimer's Complaint.

## Venue

19. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims in the State Complaint occurred within the jurisdiction of this judicial district, because the State Complaint concerns the employment of Missimer at DCL, which is headquartered in Reston, Virginia, and the Shareholder Agreement that is annexed to both the State Complaint and Federal Complaint mandates (i) that Virginia law would apply, and (ii) that all actions would be brought in the state or federal courts of Virginia. (*Compare* **Exhibit 1 at ¶ 6, annexing Ex. A** *with* **Exhibit 2 at ¶42, annexing Ex. A**).

## Relief Requested

**WHEREFORE**, DCL prays this Honorable Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit Court of Virginia, Fairfax County, to the United States District Court for the Eastern District of Virginia.

Dated: April 11, 2023

Respectfully submitted,

_____
Steven J. Weber, VSB No. 35573
Gregory R. Begg, *Pro Hac Vice* (pending)
Lauren Rayner Davis, *Pro Hac Vice* (pending)
Peckar & Abramson, P.C.
2055 L Street, NW, Suite 750
Washington, DC 20036
Telephone: (202) 293-8815
Facsimile: (202) 293-7994
SWeber@pecklaw.com
GBegg@pecklaw.com
LDavis@pecklaw.com
*Attorneys for Defendant Dark Circuit Labs, Inc.*

## **CERTIFICATION**

I, STEVEN J. WEBER, counsel for Defendant Dark Circuit Labs, Inc., a Delaware corporation, certify that the matter in controversy is the subject of another pending matter entitled, *Dark Circuit Labs, Inc. v. Black Sails Security, LLC, et al.*, Civil Action No. 1:23-cv-00326-TSE-LRV, pending within the United States District Court for the Eastern District of Virginia, Alexandria Division. However, this action is not the subject of any other pending arbitration or administrative proceeding.

Dated: April 11, 2023

_____
Steven J. Weber, VSB No. 35573

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing Notice of and Petition for Removal with the Clerk of the Court via the Eastern District of Virginia Court's CM/ECF system and served a copy of Notice of and Petition for Removal via electronic mail and Federal Express upon counsel for Plaintiff as follows:

Broderick C. Dunn, Esq.
**COOK CRAIG & FRANCUZENKO, PLLC**
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480
bdunn@cookcraig.com
*Attorneys for Plaintiff Eric Missimer*

Dated: April 11, 2023

Steven J. Weber, VSB No. 35573