UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ERIC MISSIMER**, <br><br> Plaintiff, <br> v. <br><br> **DARK CIRCUIT LABS, INC.**, <br><br> Defendant. | Civil Action No.: 1:23-cv-00476-LMB-LRV |

## <u>ANSWER WITH AFFIRMATIVE DEFENSES</u>

COMES NOW, Defendant Dark Circuit Labs, Inc. ("Defendant"), by and through its attorneys, Peckar & Abramson, P.C., as and for its Answer to the Complaint ("Complaint") filed by Plaintiff, Eric Missimer ("Plaintiff"), sets forth as follows:

1.      Paragraph 1 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. Defendant further denies that it violated any federal, state law or local law or that it engaged in any unlawful conduct with regard to Plaintiff that could give rise to a claim.

## <u>JURISDICTION AND VENUE</u>

2.      Paragraph 2 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint, except admits that it has an office at 1900 Reston Metro Plaza, Suite 600, Reston, Virginia 20190.

3.      Paragraph 3 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint, except admits that it has an office in Fairfax County.

## PARTIES

4.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint regarding the address where Plaintiff resides, except admits that Plaintiff is a current shareholder of Defendant and from November 3, 2023 until Defendant terminated his employment on March 6, 2023, Plaintiff served as Defendant's Chief Technology Officer. Plaintiff was also the Chief Financial Officer and Treasurer of Defendant from November 2021 to December 2022 until he was removed by unanimous vote of Defendant's Board of Directors, which includes Plaintiff.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6.      Defendant admits that Plaintiff and Defendant executed a Shareholders Agreement (the "Shareholders Agreement") on or about November 3, 2021, except Defendant neither admits or denies the remainder of the allegations contained in Paragraph 6 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

7.      Defendant neither admits or denies the allegations contained in Paragraph 7 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

8.      Defendant neither admits or denies the allegations contained in Paragraph 8 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

9.      Defendant neither admits or denies the allegations contained in Paragraph 9 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

10.     Defendant neither admits or denies the allegations contained in Paragraph 10 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

11.     Defendant neither admits or denies the allegations contained in Paragraph 11 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

12.     Defendant neither admits or denies the allegations contained in Paragraph 12 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

13.     Defendant neither admits or denies the allegations contained in Paragraph 13 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

14.     Defendant neither admits or denies the allegations contained in Paragraph 14 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

15.    Defendant neither admits or denies the allegations contained in Paragraph 15 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

16.    Defendant neither admits or denies the allegations contained in Paragraph 16 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

17.    Paragraph 17 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant neither admits or denies the allegations contained in Paragraph 17 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

18.    Defendant neither admits or denies the allegations contained in Paragraph 18 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

19.    Defendant neither admits or denies the allegations contained in Paragraph 19 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

20.    Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits the allegations contained in Paragraph 26 of the Complaint to the extent that it was Plaintiff who initiated, requested, approved, and authorized a reduction of his $275,000 salary by $75,000 in October 2022 related to Plaintiff's desire to purchase a company vehicle for the purpose of claiming pre-tax corporate benefits.

27.     Paragraph 27 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant neither admits or denies the allegations contained in Paragraph 40 of the Complaint because the email is a document that speaks for itself and begs leave to refer to the contents of the email at a trial of this action.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

## COUNT I

### (Breach of Contract)

44.     In response to Paragraph 44 of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in all previous paragraphs of this Answer with the same force and effect as if fully set forth herein.

45.     Paragraph 45 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT II

### (Virginia Wage Payment Act, Va. Code § 40.1-29)

48.    In response to Paragraph 48 of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in all previous paragraphs of this Answer with the same force and effect as if fully set forth herein.

49.    Paragraph 49 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer.

50.    Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.    Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT III

### (Virginia Whistleblower Protection Law, Va. Code § 40.1-27.3)

54.    In response to Paragraph 54 of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in all previous paragraphs of this Answer with the same force and effect as if fully set forth herein.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint..

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.    Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.    Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT IV

### (Request for Declaratory Judgment)

61.    In response to Paragraph 61 of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in all previous paragraphs of this Answer with the same force and effect as if fully set forth herein.

62.    Defendant admits the allegations contained in Paragraph 62 of the Complaint.

63.    Paragraph 63 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant neither admits or denies the allegations contained in Paragraph 63 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

64.    Paragraph 64 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent a response is required, Defendant neither admits or denies the allegations contained in Paragraph 64 of the Complaint because the Shareholders Agreement is a document that speaks for itself and begs leave to refer to the terms of the contract at a trial of this action.

65.    Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.    Defendant denies the allegations contained in Paragraph 67 of the Complaint.

The "WHEREFORE" clause appearing after Paragraph 67 does not contain allegations to which a response is required. To the extent a response is required, Defendant denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint and reserves the right to plead additional defenses as they become known to it over the course of discovery and throughout this litigation:

1.     The Complaint fails to state a claim upon which an award of compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, equitable relief, or any other relief can be granted.

2.     Plaintiff's claims are barred by the statute of frauds.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver and/or other equitable defenses.

4.     Plaintiff's claims are barred by the doctrine of unclean hands.

5.     Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

6.     Plaintiff's claims are barred by the doctrine of accord and satisfaction, release or waiver.

7.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

8.     Plaintiff's claims are barred and/or limited by his failure to mitigate damages.

9.     At all material times, Defendant complied with all relevant and applicable laws, regulations, and standards of conduct.

10.     Plaintiff was properly paid for all hours worked.

11.     Any adjustment in compensation was initiated, requested, approved, and authorized by Plaintiff.

12.     Defendant did not engage in any conduct giving rise to a breach the Shareholders Agreement or any other contract with Plaintiff, whether oral or written.

13.     Plaintiff was solely responsible for any breach of the Shareholders Agreement and Defendant is entitled to seek indemnity and contribution for any such breach.

14.     The Complaint is barred in whole or part because Plaintiff cannot demonstrate that he is entitled to recover statutory damages.  Defendant has at all times compensated Plaintiff with good faith belief that his compensation was in compliance with law and with a reasonable basis for believing that their practices were in compliance with Virginia law.

15.     If the unlawful acts and/or omissions alleged in the Complaint were engaged in by Defendant, which Defendant denies, Defendant did not do so willfully, and Defendant relied upon guidance and opinions from state and federal agencies in formulating its pay policies.

16.     Plaintiff did not voice questions or concerns about his hours and wages in a timely manner, and Defendant acted in good faith reliance on various guidance and opinions from state and federal agencies responsible for interpreting the laws in question.  Accordingly, liquidated damages and interest are not recoverable.

17.     Defendant has acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of state and federal administrators and is therefore not liable.

18.     Plaintiff's claims are barred, or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments or offsets permissible under the Virginia Wage Payment Act and any other application law or regulations.

19.     Plaintiff cannot establish a willful violation under the Virginia Wage Payment Act.

20.     The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

21.     Plaintiff is barred from recovering the damages he seeks because he knew about but failed to avail himself of Defendant's policies and procedures and otherwise take advantage of preventive and corrective opportunities to avoid and alleviate alleged retaliation.

22.     Plaintiff was an at-will employee and as such his employment could be terminated at any time with or without cause and with or without notice.

23.     Plaintiff was terminated for legitimate non-discriminatory and non-retaliatory reasons.

24.     At all times relevant to this action Defendant acted in good faith and on reasonable grounds.

25.     Defendant did not engage in any alleged retaliatory acts or omissions with malice or reckless disregard for Plaintiff's statutory rights.

26.     The restrictive covenants to which Plaintiff is subject in the Shareholders Agreement are enforceable against Plaintiff because they are reasonable in terms of duration, geographic scope, and in light of public policy, no greater than necessary to protect a legitimate business interest, not unduly harsh or oppressive, advance a legitimate economic interest of the party seeking its enforcement, and will survive a balancing of the equities.

27.     Defendant incorporates by reference and asserts as defenses all applicable provisions pursuant to the Virginia Wage Payment Act. And Virginia Fraud and Abuse Whistle Blower Protection Act.

28.     Defendant incorporates by reference and asserts all factual allegations made in its First Amended Verified Complaint filed on March 23, 2023 in the action initiated by Defendant

on or about March 10, 2023 in the United States District Court for the Eastern District of Virginia, captioned *Dark Circuit Labs, Inc. v. Black Sails Security, LLC, et al.*, Civil Action No. 1:23-cv-00236-LMB-LRV, against Plaintiff as defenses to Plaintiff's claims in this action.

29.    This action should be consolidated with the action initiated by Defendant on or about March 10, 2023 in the United States District Court for the Eastern District of Virginia, captioned *Dark Circuit Labs, Inc. v. Black Sails Security, LLC, et al.*, Civil Action No. 1:23-cv-00236-LMB-LRV, for all purposes including trial. These two actions involve the same litigants, the same exact counsel, and allegations of fact that arise out of a common nucleus of operative facts, as well as seek relief that will require conclusions of law that are applicable to claims and defenses in both actions. No party will be prejudiced by the consolidation of these actions. If consolidation is refused, however, the Court and the parties will be severely prejudiced by having to try the same claims and defenses twice, incurring incredibly steep financial costs, and creating the institutional risk of inconsistent rulings or verdict and eroding judicial economy.

* * * * * *

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that the Court enter judgment in favor of Defendant and against Plaintiff, and further respectfully requests that the Court:

a) Dismiss the Complaint in its entirety, with prejudice;

b) Award Defendant all costs and attorneys' fees incurred in connection with defending this litigation; and

c) Such other and further relief as the Court deems just and proper.

Dated:    April 18, 2023

Respectfully submitted,

Steven J. Weber, VSB No. 35573
Gregory R. Begg, *Pro Hac Vice* (pending)
Lauren Rayner Davis, *Pro Hac Vice* (pending)
PECKAR & ABRAMSON, P.C.
2055 L Street NW
Suite 750
Washington, DC 20036
Telephone: (202) 293-8815
Facsimile: (202) 293-7994
SWeber@pecklaw.com
GBegg@pecklaw.com
LDavis@pecklaw.com
*Attorneys for Defendant Dark Circuit Labs, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, a true and correct copy of the foregoing Answer with

Affirmative Defenses was filed with the Clerk of Court using the CM/ECF system, which will

then send a notification of such filing to the following counsel of record:

> Broderick C. Dunn, Esq.
> COOK CRAIG & FRANCUZENKO, PLLC
> 3050 Chain Bridge Road
> Suite 200
> Fairfax, VA 22030
> bdunn@cookcraig.com
> *Attorneys for Plaintiff Eric Missimer*

Dated: April 18, 2023

_____

Steven J. Weber, VSB No. 35573